UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FOREMOST INSURANCE<br>a/s/o JAMES GREENWOOD,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   4:07-cv-64-DFH-WGH<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S VERIFIED MOTION FOR
LEAVE TO BELATEDLY RESPOND TO DEFENDANT'S
REQUEST FOR ADMISSIONS AND TO WITHDRAW ADMISSIONS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Plaintiff's Verified Motion for Leave to Belatedly Respond to Defendant's Request for Admissions and to Withdraw Admissions filed January 10, 2008. (Docket No. 27). Defendant filed a Response on January 17, 2008. (Docket No. 30). No reply brief has been filed.

The Magistrate Judge, being duly advised, now **GRANTS** the Plaintiff's motion.

**Facts**

1. On July 15, 2007, Defendant's counsel served the Plaintiff with discovery requests which included Interrogatories, Request for Admissions and Request for Production of Documents. These were received on July 17, 2007.

2. Plaintiff's counsel failed to realize that there were requests for admissions intermingled with the discovery requests and did not respond to the same within thirty (30) days.

3. On July 17, 2007, upon receipt of the discovery requests, Plaintiff's counsel forwarded a letter to counsel for the Defendant which provided some information concerning where the General Electric refrigerator that allegedly started the fire in this case was currently located.  The contents of the letter stated the basis of the Plaintiff's claims against General Electric and indicated an intent to prosecute the claim further.

4. On October 8, 2007, some six weeks after responses to the Request for Admissions were due, Defendant filed its Motion for Summary Judgment. (Docket Nos. 13-14).  The Motion for Summary Judgment was based upon the fact that the Plaintiff had failed to respond to, and therefore admitted, the Request for Admissions.  Based on those admissions, the Defendant argued it was entitled to judgment as a matter of law.

5. On November 13, 2007, Plaintiff sought an extension of time to file a response to the Motion for Summary Judgment but still did not serve responses to the Request for Admissions.  After obtaining one additional extension, Plaintiff has now moved for leave to belatedly respond to the Request for Admissions and to withdraw their admissions.

## Analysis

As of December 1, 2007, Federal Rule of Civil Procedure 36(b) states, in part, as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

There is relatively little case law addressing the issue of the standard to be employed by a district court when a party seeks to belatedly file a response to requests for admissions. Some courts look to see whether the party seeking to file such a late response has a reasonable excuse for not filing within the time period prescribed by the rule. Other courts have used the excusable neglect standard that applies under Federal Rule of Civil Procedure 6(b)(2) for the enlargement of time after certain time periods have expired. However, the most recent commentary on the issue found at 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2257 (2d ed. 1994), indicates that the admission that would otherwise result from a failure to make a timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

In this case, allowing the withdrawal of the admissions will aid in the presentation of the merits of the action. The information provided to the Defendant on July 17, 2007, indicates that there is at least a good faith basis for filing this lawsuit. In the Magistrate Judge's opinion, resolution of the merits in this case is

preferable to a judgment entered largely because of the inadvertence of counsel for the Plaintiff.

The question which remains is whether the Defendant is prejudiced by the late withdrawal. Some prejudice has occurred because the Defendant has incurred the expense of filing a Motion for Summary Judgment. That motion becomes a moot issue and a waste of legal expense if the Magistrate Judge allows the withdrawal of the admissions. Some delay in the resolution of the case will occur. However, there has not been a showing that the Defendant is prejudiced in its ability to complete its defense by virtue of the delay. There is no argument that evidence has been lost or destroyed which can no longer be made available to the Defendant, or that the Defendant is unduly prejudiced by the six-month delay in conducting the litigation. Therefore, the Magistrate Judge concludes that there has been an insufficient showing of prejudice to warrant what amounts to the entry of a default judgment in this case.

Therefore, Plaintiff's motion is **GRANTED, conditioned on the Plaintiff complying with the following directives:**

1. Plaintiff shall file responses to the Request for Admissions and fully and completely answer all discovery devices within fifteen (15) days of the date of the entry of this Order; and

2. Plaintiff shall pay to the Defendant the reasonable costs of the filing of the Motion for Summary Judgment in this case within thirty (30) days of the date of the entry of this Order. In the event the parties cannot agree as to the reasonable costs, counsel for the Defendant shall file its motion for assessment of attorney's fees

- 5 -

within forty-five (45) days of the date of the entry of this Order, and Plaintiff shall file a responsive brief within seventy-five (75) days of the date of the entry of this Order.

**SO ORDERED.**

**Dated:** February 19, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Jeremiah A. Byrne
FROST BROWN TODD LLC
jbyrne@fbtlaw.com

John R. Crockett III
FROST BROWN TODD LLC
jcrockett@fbtlaw.com

Douglas W. Langdon
FROST BROWN & TODD, LLC
dlangdon@fbtlaw.com

John Michael Lowery
LEE BURNS COSSELL & KUEHN
jlowery@nleelaw.com